JOHN R. MANNING, SBN 220874
Attorney at Law
1111 H Street, # 204
Sacramento, CA 95814
Telephone:  916-444-3994
Facsimile:   916-447-0931
Email:  jmanninglaw@yahoo.com

MARCIA A. MORRISSEY, SBN 66921
11400 W. Olympic Blvd., Suite 1500
Los Angeles, CA 90064
Telephone:  310-399-3259
Facsimile:   310-392-9029
Email:  morrisseyma@aol.com

Attorneys for Defendant
PATRICK BRADY

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITES STATES OF AMERICA, | CASE NO. 2-19-CR-00107-KJM |
| Plaintiff, | **REQUEST FOR RECONSIDERATION** |
| vs. | **BY THE DISTRICT COURT OF** |
| | **MAGISTRATE JUDGE'S RULING** |
| PATRICK BRADY, | **DENYING PATRICK BRADY'S** |
| | **MOTION FOR BILL OF** |
| Defendant. | **PARTICULARS** |

PLEASE TAKE NOTICE that Patrick Brady, by his counsel, John R. Manning and

Marcia A. Morrissey, respectfully requests that this Court reconsider the order of Magistrate

Judge Deborah Barnes denying his motion for a Bill of Particulars (ECF 959).  This motion is

made pursuant to Local Rules 303(c), 420.1(j), Rule 7(f) of the Federal Rules of Criminal

Procedure, the Fifth and Sixth Amendments to the United States Constitution, the accompanying

memorandum of points and authorities, and such additional pleadings and argument as may be presented before or during the hearing on this motion.

## I.   Introduction

Patrick Brady is charged in a fourteen-count indictment as part of a multiple defendant RICO prosecution that has been pending before the Court since 2019.  He is charged in Count One with conspiracy to participate in a racketeer influenced corrupt organization (18 U.S.C. § 1962(d)).  The conspiracy is alleged to have begun at an unknown time, but "no later than in or around October 2011" and "continuing to in or around July 2019. . . ." The pattern of racketeering alleged, and the means and methods of the conspiracy, incorporate by reference a variety of local and federal charges, including murder, bribery, drug trafficking offenses, acts "related to racketeering" and acts "relating to interstate transportation of stolen motor vehicles." ECF 25 at 7-8.

Count One includes eleven Special Sentencing Factors.  Number Eleven alleges that Mr. Brady and co-defendant Jason Corbett "did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Donald Pequeen, with malice aforethought" in violation of alleged sections of the California Penal Code.  ECF 25 at 12.  This special sentencing factor renders Mr. Brady potentially eligible for the death penalty.  *United States v. Daniel,* 2021 WL 2808706, at p. *7.

### A.  The Motion for Bill of Particulars

Mr. Brady's Motion for Bill of Particulars (ECF 914) requested the following particulars:

**As To Count One:  Conspiracy to Participate in a Racketeering Enterprise, 18 U.S.C. Section 1962(d):**

(a) the date and time the claimed conspiratorial agreement occurred;

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling Denying Patrick Brady's Motion For Bill Of Particulars**

**1**

**2**

(b) the date and time when Mr. Brady actually joined in the alleged conspiratorial agreement;

**3**

(c) the location(s) where the alleged agreement was reached;

**4**

(d) the persons present when the agreement was reached;

**5**

(e) the form the alleged agreement took;

**6**

**7**

(f) the precise words or conduct by which Mr. Brady entered into the charged conspiracy;

**8**

**9**

(g) any statements or acts that demonstrate Mr. Brady's association or affiliation with the charged enterprise;

**10**

**11**

(h) the person(s) who Mr. Brady and the other named defendants allegedly agreed to kill (if anyone other than Donald Pequeen, who is the subject of Special Sentencing Factor Number 11);

**12**

**13**

**14**

(i) the motive attributed to Mr. Brady for the alleged killing of Donald Pequeen (or any other person) and the government's theory as to how the alleged killing of Pequeen (or any other person) "enhanced" Mr. Brady's association with the charged enterprise;

**15**

**16**

(j) where, other than in the Eastern District of California, the alleged conspiracy occurred;

**17**

**18**

(k) the names and addresses of all alleged co-conspirators not named in the indictment who are described as "… others known and unknown …" in paragraph 20 of the indictment;

**19**

**20**

(l) specification of the "multiple acts involving murder" alleged in paragraph 31, sub-part a, of the indictment, i.e., who was killed, when, where and how;

**21**

(m) specification of the "multiple acts involving bribery" alleged in paragraph 31, sub-part b, of the indictment, i.e., who was bribed, when, where and how;

**22**

**23**

(n) specification of the "multiple acts involving offenses involving drug trafficking" alleged in paragraph 31, sub-part c, of the indictment, i.e., what drugs were trafficked, when, where and how;

**24**

**25**

**26**

(o) specification of the "multiple acts" "relating to racketeering" alleged in paragraph 31, sub-part d of the indictment, i.e., what acts related to racketeering occurred, when, where and how;

**27**

(p) specification of the "multiple acts" "relating to interstate transportation of stolen

**28**

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling**
**Denying Patrick Brady's Motion For Bill Of Particulars**

3

motor vehicles" alleged in paragraph 31, sub-part e, of the indictment, i.e., what acts relating to interstate transportation of stolen motor vehicles occurred, when, where and how;

(q) if Mr. Brady's alleged role in the conspiracy changed over time, how and when did his role change over time;

(r) specification of each act that was allegedly committed by Mr. Brady during his participation in  the claimed conspiracy and who was present when he committed each such act;

(s) whether it is claimed that Mr. Brady has continued in his alleged participation in the conspiracy "noticed" in paragraphs 31-32 of the indictment since his arrest and, if so, how it is alleged that he has done so.

**As to Special Sentencing Factor 11:   Murder of Donald Pequeen**

(a) the date and time when the claimed conspiratorial agreement to kill Donald Pequeen actually occurred;

(b) who was present at the time of this agreement;

(c) the location(s) where the asserted agreement to kill Pequeen was reached;

(d) the person(s) present when the agreement to kill Pequeen was reached;

(e) the form the supposed agreement to kill Pequeen took;

(f) the precise words or conduct by which Mr. Brady ostensibly entered into such a conspiracy to kill;

(g) where, other than in the Eastern District of California, the alleged conspiracy to kill Pequeen occurred;

(h) Mr. Brady's alleged role in the conspiracy to kill Pequeen, including his role over time, if the government alleges that his role changed over time;

(i) identification of the person from whom Mr. Brady received income that was derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of 18 U.S.C. § 2;

(j) identification of the person from whom Mr. Brady received income;

(k) identification of the amount of income Mr. Brady received;

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling**
**Denying Patrick Brady's Motion For Bill Of Particulars**
4

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

(l)  specification as to how Mr. Brady conspired to use or invest, directly or
indirectly, any part of such income, or the proceeds of such income, in
acquisition of any interest in, or the establishment or operation of, any
enterprise which is engaged in, or the activities of which affect, interstate
or foreign commerce;

(m) specification as to how Mr. Brady, through a pattern of racketeering
activity or through collection of an unlawful debt, acquired or maintained,
directly or indirectly, any interest in or control of the alleged Aryan
Brotherhood enterprise;

(n)  specification of how Mr. Brady conducted or participated in the conduct of
the AB's affairs through a pattern of racketeering activity or collection of
unlawful debt;

(o) Specification of how Mr. Brady conspired to violate the provisions of
subsection (a), (b) or (c) of 18 U.S.C. § 1962

ECF No. 914, at 2-5.

## B.  The Government's Opposition

The government opposed Mr. Brady's motion. ECF No. 939 ("Opposition").   It argued

the prosecution's theory of the case, as well as the specific evidence against Mr. Brady, was set

forth in the Affidavit in Support of Criminal Complaint (ECF No. 1).  Opposition at 2-5, 10.  In

addition, it urged that the "detailed Indictment" in this case provides a "detailed description" of

its theory and evidence of the Aryan Brotherhood as an enterprise and its method and means of

operation. *Id.,* at 5-6, 11.  Finally, the government asserted that it had produced "substantial

discovery covering all aspects of the government's case against the Aryan Brotherhood and Pat

Brady in particular." *Id.,* at 6, 10.

## C.  The Order of the Magistrate Judge

Magistrate Judge Barnes denied Mr. Brady's motion, finding that: (1) a bill of

particulars is not warranted based solely on the allegations contained in the indictment (ECF No.

959, at 6-7); (2) the government's complaint provides more than ample information to inform the

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling
Denying Patrick Brady's Motion For Bill Of Particulars**

1   defendant of the charges against him (*id.,* at 7-8); and (3) the full discovery in this case obviates

2   the need for a bill of particulars (*id.,* at 8).

3       I.      Argument

4       A.  A Bill of Particulars Necessary to Allow Mr. Brady to Prepare His Defense

5   "The purpose of a Bill of Particulars is to protect a defendant against a second

6   prosecution for an inadequately described offense, and enable him to prepare an adequate

7   defense." *Cook v. United States*, 354 F.2d 529, 531 (1965).  Bills of Particulars serve three well-

8   recognized and interrelated purposes: (1) to inform the defendant of the nature of the charge

9   against him with sufficient precision to enable him to prepare a defense for trial, (2) to avoid or

10  minimize the danger of surprise at trial, and (3) to enable him to plead his acquittal or conviction

11  in bar of another prosecution for the same offense when the indictment itself is too vague and

12  indefinite for such purposes. *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991).

13
14
15      The decision whether to grant a request for a bill of particulars is within the trial court's

16  discretion. *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  In determining whether a

17  bill of particulars should be ordered, a court should consider whether the defendant has been

18  advised adequately of the charges through the indictment and "all other disclosures made by the

19  government." *United States v. Long,* 706 F. 2d at 1054 (citing *United States v. Giese,* 597 F.2d

20  1170, 1180 (9th Cir. 1979), *cert denied*, 444 U.S. 979). The defendant is entitled to a sufficient

21  description of the charges against him to enable him to prepare his defense, to ensure that he is

22  prosecuted on the basis of facts presented to the grand jury, and to inform the court of the facts

23  alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S.

24  771, 763, 768 n. 15, 771 (1960); *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979);

25  *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976), *cert. denied*, 429 U.S. 1099 (1977).

26
27      **Request For Reconsideration By The District Court Of Magistrate Judge's Ruling**

28      **Denying Patrick Brady's Motion For Bill Of Particulars**

1    A motion for bill of particulars is appropriate where a defendant requires clarification in order to

2    prepare a defense. *Wills v. United States*, 389 U.S. 90, 99 (1967); *United States v. Long*, 706 F.2d

3    1044, 1054 (9th Cir. 1983). This is because a defendant is entitled to understand the basis for the

4    government's case. *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) *cert. denied*, 481

5    U.S. 1057 (1987).

6

7        Where a conspiracy is charged, the tracking of statutory language must provide precise

8    allegations of the time and place of the criminal activity and the names of the participants.

9    *United States v. Ramos,* 666 F.2d 469, 474 (11th Cir. 1982). Where multiple conspiracies are

10   alleged, the Ninth Circuit has described the need for precision, requiring generally a statement of

11   where the conspiracies occurred, the names of conspirators, and a description of the

12   conspiratorial acts. *See United States v. Cecil*, 608 F.2d 1294, 1296-1297 (9th Cir. 1979); *see*

13   *also United States v. Schram*, 75 F.3d 156, 163-164 (3rd Cir. 1996).

14

15       A racketeering enterprise must have a certain structure and configuration as it relates to

16   alleged street gangs as defined in *Boyle v. United States*, 556 U.S. 938, 943-946 (2009), and

17   *United States v. Turkette*, 452 U.S. 576, 583 (1981).  The VICAR offense of murder in aid of

18   racketeering requires there be evidence that the murder was committed to maintain or enhance an

19   individual's position in the alleged criminal enterprise – and that purpose must be "more than

20   merely incidental; it must be within his general purpose, or, in the alternative, the violence

21   committed must be in some way integral to the defendant's membership in the gang." (internal

22   quotations omitted).  *United States v. Banks*, 514 F.3d 959, 965-969 (9th Cir. 2008).   The fact

23   that a murder was committed by an alleged gang member is not necessarily murder for the

24   purpose of maintaining or increasing one's position in a gang. *Id.* at 970.

25

26

27

28

**1**
**2**
**3**

### B. Count One Fails To Adequately Notify Mr. Brady Of The Contours Of The Conspiracy Or Conspiracies He Is Alleged To Have Joined

#### 1. The Allegations in the Indictment are Vague and Overbroad.

**4** Count One accuses Mr. Brady of conspiring with Ronald Yandell, Daniel Troxell,

**5** William Sylvester, Travis Burhop, Brand Daniel, Donald Mazza, Jason Corbett, Matthew Hall,

**6** Samuel Keeton, Jeanna Quesenberry, Kevin MacNamara, Kristen Demar, Justin Petty and

**7** Kathleen Nolan to conduct the affairs of the alleged enterprise, the Aryan Brotherhood ("AB").

**8**
**9** The language is virtually identical to language used in every RICO case, vaguely alleging the co-

**10** conspirators "and others known and unknown" are alleged to be either "employed by and

**11** associated with" the charged enterprise.

**12** This group of defendants is alleged to have agreed on an unknown date, at an unknown

**13** time and in an unknown location that each conspirator "would commit at least two acts of

**14** racketeering activity in the conduct of the affairs of the enterprise." ECF at 8.  These vague

**15** allegations are insufficient because they lack key details, such as the where, when and who.  In

**16**
**17** his motion, Mr. Brady argued, based on, *inter alia, United States v. Ranieri,* 17-cr-00533-EMC,

**18** 2019 WL 3842092 (N.D. Cal. Aug. 15, 2019),[1] that the date ranges provided by the government

**19** in the indictment are overbroad and fail to identify the date Mr. Brady joined the conspiracy and

**20** the particulars of his joining, including the location, the persons present at the time, the form of

**21** the alleged agreement and the words or conduct by which he entered the agreement.  *See* ECF

**22** 914 at 12; ECF 945 at 7.    The Magistrate Judge distinguished *Ranieri* because the indictment in

**23**
**24** that case alleged the existence of a conspiracy "since at least the mid-1990's and continuing up

**25**

---

**26** [1]    Mr. Ranieri is a codefendant in *United States v. Jonathan Joseph Nelson, et al.  See* Order, p.
**27** 6, n. 1.

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling**
**28** **Denying Patrick Brady's Motion For Bill Of Particulars**

**1**

**2**

**3**

**4**

**5**

**6**

**7**

**8**

**9**

**10**

**11**

**12**

**13**

**14**

**15**

**16**

and through and including the present" (ECF959, at 7 (citing *Ranieri,* 2019 WL 3842092, at *2,

n. 8), whereas the present indictment "states a clear date range for when each charge occurred"

(*ibid.*).  However, this addresses only a portion of the ruling in *Ranieri.*  The Magistrate Judge

did not address or distinguish the order in *Ranieri* that the government was to provide a bill of

particulars clarifying: (1) when Mr. Ranieri joined the alleged conspiratorial agreement to

murder Victim 1 (Count Two) or to commit murder (Special Sentencing Factors to Count One);

(2) who was present at the meetings where the murders or attempted murders were discussed,

when and where these meetings took place, what was said at these meetings, and what Mr.

Ranieri allegedly said or did to indicate his participation in the conspiracies; (3) the person or

persons whom Mr. Ranieri and the other defendants purportedly conspired to kill or, if the

government does not know the names, as much identifying information as it has; and (4) the

jurisdictions other than the Northern District of California where the alleged conspiracies

occurred as alleged in paragraphs 23 and 27 of the Superseding Indictment.  *Ranieri,* 2019 WL

3842092, at *2.

**17**

**18**

**19**

**20**

**21**

**22**

**23**

**24**

**25**

**26**

In the present case, there is no allegation regarding the government's theory of how,

when or why Mr. Brady sought to enhance his "association" with the AB or how killing Mr.

Pequeen would enhance his standing within the AB.  It may be that the government believes that

if it accuses Mr. Brady of being associated with, or a member of, the AB, then he must have

agreed to conduct the affairs of the enterprise.  However, the mere *allegation* of membership or

association does not address any of the specifics such as the nature of the agreement, who was

part of the agreement or when the agreement occurred.  This is because under basic principles of

conspiracy law, it is not enough for the government to claim that individuals simply met,

discussed matters of common interest or even acted in similar ways.  *See, e.g., United States v.*

**27**

**28**

**1**

*Melvin*, 91 F.3d 1218, 1224 (9ₜₕ Cir. 1996).   In order to prove the existence of any conspiracy

**2**

count at trial, the government must prove there was an actual plan or agreement to commit at

**3**

least one of the crimes alleged in the indictment as an object of the conspiracy, and that there be

**4**

unanimity as to the particular crime the conspirators agreed to commit.

**5**

### 2.   Mr. Brady Has Not Received Notice of the Particulars of the Charged AB Enterprise Activities

**6**

**7**

The indictment alleges that the enterprise has engaged in "multiple acts involving

**8**

bribery," "multiple offenses involving drug trafficking," "multiple acts . . . relating to

**9**

racketeering" and "multiple acts . . . relating to interstate transportation of stolen motor

**10**

vehicles." ECF 25, at 8.  The Magistrate Judge, without specifically addressing this argument,

**11**

ruled that: (1) the indictment "adequately apprises defendants of the charges" (ECF 959, at 7);

**12**

(2) the complaint "provide[s] plaintiff with more than ample information" of the charges (*ibid.*);

**13**

and (3)  the "extensive discovery" in this "'obviates the need for a bill of particulars'" (*id.,* at 8

**14**

(quoting *United States v. Giese,* 597 F. 2d at 1180)).

**15**

**16**

The Magistrate Judge is incorrect.  Neither the indictment, the complaint or the discovery

**17**

contains any information about any act – much less "multiple acts" – of bribery or interstate

**18**

transportation of stolen vehicles.  In addition, the indictment, complaint and discovery fail to

**19**

provide notice of any alleged "acts relating to racketeering" that the enterprise has committed, or

**20**

what those acts are, when they occurred, where, and by whom.  Mr. Brady has no information

**21**

about these alleged "multiple" crimes of bribery, interstate transportation of stolen vehicles or

**22**

acts relating to racketeering.   A bill of particulars is appropriate to apprise him of the precise

**23**

**24**

nature of the charges against him.[2]

**25**

**26**

**27**
**28**

---

[2]   Even if this Court were to be persuaded by a claim by the government that a *Pinkerton*

**3.      Special Sentencing Factor Number 11 Suffers the Same Defects**

As to Special Sentencing Factor Number 11:  Murder of Donald Pequeen, it is alleged

that on July 20, 2018, Mr. Brady and Jason Corbett "did unlawfully, willfully, and intentionally,

and with deliberation and premeditation, kill Donald Pequeen, with malice aforethought, in

violation of California Penal Code, Sections 187, 189, and 31." It is further alleged that this was

"[a]ll in violation of Title 18, United States Code, Section 1962 (d)." ECF 25, at p. 12.

There is no apparent connection between the first degree murder charged in Special

Sentencing Factor Number 11 and the "prohibited activities" criminalized by 18 US.C. §1962 in

general and subdivision (d) in particular. [3]  In order to defend against Special Sentencing Factor,

---

instruction applies here - which Mr. Brady disputes - Mr. Brady must still be placed on notice of
sufficient facts so that the objects of the Count One conspiracy would be foreseeable to him. As
currently charged, the indictment utterly fails to do so. As Judge Alsup explained in *United
States v. Cerna*, 2009 U.S. Dist. LEXIS 133644, at *12-13 (N.D. Cal. Sept. 16, 2009), "[u]nder
the *Pinkerton* doctrine, once a defendant joins a conspiracy, he or she is potentially liable for the
actions of other defendants in furtherance of the conspiracy. Without knowing when they are
alleged to have joined each conspiracy, defendants cannot know the universe of conduct against
which they must prepare a defense."

[3]      Title 18, U.S.C. section 1962, subdivision (d) reads, in its entirety, as follows:

(a) It shall be unlawful for any person who has received any income
derived, directly or indirectly, from a pattern of racketeering activity or
through collection of an unlawful debt in which such person has
participated as a principal within the meaning of section 2, title 18,
United States Code, to use or invest, directly or indirectly, any part of
such income, or the proceeds of such income, in acquisition of any
interest in, or the establishment or operation of, any enterprise which is
engaged in, or the activities of which affect, interstate or foreign
commerce. A purchase of securities on the open market for purposes of
investment, and without the intention of controlling or participating in
the control of the issuer, or of assisting another to do so, shall not be
unlawful under this subsection if the securities of the issuer held by the
purchaser, the members of his immediate family, and his or their
accomplices in any pattern or racketeering activity or the collection of

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling
Denying Patrick Brady's Motion For Bill Of Particulars**

11

Mr. Brady is entitled to know the date and time of the conspiratorial agreement, the particulars of

his joining in that agreement (including the location where it was reached, the persons present at

the time, the form of the alleged agreement, the precise words or conduct by which he entered

the agreement).  Mr. Brady is further entitled to know the specific pattern of racketeering activity

or debt collection that resulted in income, as well as who received the income.  Finally, Mr.

Brady is entitled to know how he conspired to acquire or maintain an interest in or control of the

enterprise through a pattern of racketeering activity or collection of an unlawful debt.

These broad allegations provide little, if any, notice to Mr. Brady.  When did Mr. Brady

agree to kill anyone?  With whom did Mr. Brady come to such an agreement? What was Mr.

---

an unlawful debt after such purchase do not amount in the aggregate to
one percent of the outstanding securities of any one class, and do not
confer, either in law or in fact, the power to elect one or more directors
of the issuer.

(b) It shall be unlawful for any person through a pattern of racketeering activity or
through collection of an unlawful debt to acquire or maintain, directly or
indirectly, any interest
in or control of any enterprise which is engaged in, or the activities of which affect,
interstate or foreign commerce.

(c) It shall be unlawful for any person employed by or associated with any enterprise
engaged in, or the activities of which affect, interstate or foreign commerce, to
conduct or participate, directly or indirectly, in the conduct of such enterprise's
affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of
Subsection (a), (b), or (c) of this section.

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling**
**Denying Patrick Brady's Motion For Bill Of Particulars**

1
2
3
4
5
6

Brady's alleged motivation for doing so?   Mr. Brady's motivation is part of the government's burden of proof at trial. The indictment lists the codefendants charged in this case, as well as others "known and unknown." *Id.,* at 7-8.   Mr. Brady must be placed on notice of these "known" individuals, and the date and location of any alleged agreements to kill, unless the government's murder conspiracy theory is limited to Special Sentencing Factor Number 11.

7
8
9
10
11
12
13
14
15

It is well-settled that a defendant is entitled to a bill of particulars naming all persons known or alleged by the government to have been co-conspirators, and setting forth the dates and locations of all events charged. *See United States v. Gatto*, 746 F. Supp. 432, 477 (D.N.J. 1990); *United States v. Taylor*, 707 F. Supp. 696, 699-700 (S.D.N.J. 1989); *United States v. Orozco*,108 F.R.D. 313, 318-319 (S.D. Cal. 1985); *see also United States v. Cecil*, 608 F.2d. 1294, 1296 (9th Cir. 1979).   In *Gatto*, although the indictment specified dates and locations and the defense had already been provided with a list of seventy-six alleged co-conspirators, the court ordered the government to provide further particulars, as follows:

16
17
18

> To the extent the indictment alleges that "others" were involved, the government must specify who the 'others' are . . . . Additionally . . . [t]he government ... must provide precise dates and locations of the alleged acts. The allegations in the indictment that events occurred "elsewhere" are insufficient . . . .

19
20

*United States v. Gatto*, 746 F. Supp. at 477.

21

## II.      Conclusion

22
23

For the foregoing reasons, Mr. Brady respectfully requests that the District Court reconsider the Magistrate Judge's denial of his motion for a bill of particulars and order the government to

//

24

//

25

//

26
27
28

1    provide his counsel with such a bill forthwith.

2    Dated:  December 28, 2021                                    Respectfully submitted,

3                                                                 */s/ John R Manning*
                                                                  JOHN R. MANNING
4

5                                                                 */s/ Marcia A. Morrissey*
                                                                  MARCIA A. MORRISSEY
6

7                                                                 Attorneys for Defendant
                                                                  PATRICK BRADY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
     **Request For Reconsideration By The District Court Of Magistrate Judge's Ruling**
28   **Denying Patrick Brady's Motion For Bill Of Particulars**

1

2

**PROOF OF SERVICE**

3

I, Marcia Morrissey, declare:

4

That I am over the age of 18, employed in the County of Los Angeles, California,

5

and not a party to the within action; my business address is 11500 West Olympic Blvd., Suite 1500, Los Angeles, California 94102.

6

On today's date, I served the within document entitled:

7

8

**REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING DENYING PATRICK BRADY'S MOTION FOR BILL OF PARTICULARS**

9

10

(X) By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, CA, addressed as set forth below:

11

12

Magistrate Judge Deborah Barnes
United States District Court

13

Eastern District of California
501 I Street

14

Sacramento, CA  95814

15

Michael Torres
F-96964

16

California State Prison, Sacramento (290066)
P.O. Box 290066

17

Represa, CA  95671-0066

18

(X) By electronically transmitting a true copy thereof through the Court's ECF system.

19

20

Dated: December 28, 2021                    */s/ Marcia A. Morrissey*
                                            MARCIA A. MORRISSEY

21

22

23

24

25

26

27

28

**Request For Reconsideration By The District Court Of Magistrate Judge's Ruling Denying Patrick Brady's Motion For Bill Of Particulars**

15